## De Briar *vs.* Minturn.

Where no definite period of employment is agreed upon between a master and servant, the master has a right to discharge the servant at any time, and to eject him by force from his house in case the servant refuses to leave, after having received notice to that effect. But in such case, no more force should be used than is necessary to accomplish the object.

Where the servant sued the master in such a case, and the jury gave a verdict in favor of the plaintiff for $600; *Held*, that no more than nominal damages should have been given, even if the action could be sustained at all, and a new trial was accordingly granted.

Appeal from the district court of the third judicial district, where judgment was rendered in favor of the plaintiff. The facts will be found in the opinion of the court.

*Alexander Wells*, for the plaintiff.

*Mr. Tingley*, for the defendant.

HARVARD LAW LIBRARY

Ray *v.* Harbeck.

*By the Court*, BENNETT, J. The defendant was an innkeeper. He employed the plaintiff as a barkeeper, and was to give him three hundred dollars per month for his services, and allow him the privilege of occupying a room so long as he remained in the plaintiff's employ. The plaintiff was not hired for any definite period, and he was discharged by the defendant. After such discharge, the defendant notified the plaintiff to leave the room which he occupied, at the end of the month. The plaintiff did not comply with the notice, and the defendant put him out of the house by force; and this action is brought to recover damages for being thus ejected. The jury rendered a verdict in favor of the plaintiff for six hundred dollars.

We do not see how any action can be maintained upon the facts presented. The plaintiff had no right to remain in the defendant's house after being notified to leave, and the defendant had a right to eject him. It does not appear that any more force was used than was necessary, or that the facts would warrant any thing more than nominal damages, even if an action could be sustained at all. We think a new trial should be granted.

Ordered accordingly.