Baker *v.* Pratt.

HIRAM BAKER, Appellant, *v.* ELIAS PRATT, Appellee.

APPEAL FROM PEORIA.

A father and two sons, one of whom was a minor, took a lease; the minor and the lessor, without the knowledge of the others, destroyed the first, and a new lease was executed to the minor, who had now arrived at majority; the lessor distrained for the rent due under the second lease :— *Held,* that the first lease could not be set up by the lessee under the second lease to defeat the recovery, and that he was estopped by his own act, and that the minor could rescind the first lease as to himself, with the consent of the lessor.

A parol surrender of a written lease is sufficient.

A verbal statement is held sufficient, where the party has made an admission, which is clearly inconsistent with the evidence he proposes to give, or the title or claim which he proposes to set up, and the other party has acted upon the admission, and will be injured by allowing the truth of the admission to be disproved.

One lessee cannot destroy the rights of his colessees, nor extinguish their title by conveying to his lessor.

Payment of rent will extinguish the demand, no matter from whom it was received.

THIS cause was heard by PETERS, Judge, at the May term, 1854, of the Peoria Circuit Court.

On the 3d of September, 1851, Baker leased to Isaac H. Pratt, Isaac J. Pratt, and Elias Pratt, the south-east quarter of section five, ten north, seven east quarter, four post meridian, Peoria county, for one year from the 1st of March, 1852, with privilege of keeping same three years if they or either of them elect to do so at the expiration of the first year, if they complied with the terms of the lease. Lease was under seal. There is no evidence showing whether the lessees elected to continue another year or not at the expiration of the first year, except that defendant and Isaac H. continued in possession, and cultivated the farm as before.

On the 23d of March, 1853, plaintiff and defendant made another lease, by which Baker leased to Elias, one of the parties to first lease, the same land for one year from the 1st of March, 1853, for $215, payable on the 1st of January, 1854; at the same time Elias produced the old lease, which, by consent, was burned.

After the 1st of January, 1854, Baker issued his warrant as landlord to collect this rent of $215. Last lease not under seal, and contains no covenants nor any words from which a covenant is implied.

Baker made no fraudulent representations, nor, so far as the

evidence shows, any representations at all. Elias Pratt knew all about the old lease (being a party to it), and whether it was or was not in force.

Elias Pratt never called upon Baker to give him possession of the entire premises, and never made an effort to obtain such possession, so far as the evidence shows; but relied entirely on the fact that his colessees under the former lease remained jointly in possession with him as a defence to this proceeding.

The court, by numerous instructions, advised the jury, that under these circumstances the defendant was not liable for the rent reserved by the last lease.

Isaac J. and Isaac H. Pratt were both called as witnesses; they were objected to as incompetent on the ground of interest.

Isaac J. was a party to the original lease, and stated that he claimed an interest in the property distrained.

Isaac H. was, as he stated, defendant's father; party to first lease, and had bought out defendant's interest in the crop of 1853; had a bill of sale thereof, and had agreed to pay the rent for 1853 under the old lease.

This proceeding was commenced under our statute in relation to distress for rent. A warrant was issued by Baker on the 3d of January, 1854, for $215 for rent alleged to be due on the 1st of January, 1854, for south half of five ten north, seven east, four post meridian, Peoria county.

The warrant was levied on personal property (corn on the premises); a copy of the warrant and levy was filed with the clerk of circuit court, and summons issued in due form against Pratt.

The defendant Pratt appeared and set up as a defence,

"That about the 3d of September, 1851, plaintiff, by his deed under seal, leased and let the same premises to Isaac H. Pratt, Isaac J. Pratt, and defendant, for one year from the 3d of March, 1852, with privilege to lessees or either of them to keep the premises for three years from 1st of March, 1852, if they or either of them should so elect at the expiration of said first year.

That Isaac J. and Isaac H. Pratt did elect to retain and keep possession for two years from and after the said last-mentioned time, of which said plaintiff had notice.

That at the time of execution of the lease from plaintiff to defendant, said Isaac H. and Isaac J. Pratt were in actual possession of said premises, and during all the term occupied and used the same under the first lease; so that defendant did not, and could not, by reason of such adverse possession by Isaac J. and Isaac H. occupy and enjoy the same and the entire

48*

possession, and plaintiff did not deliver possession to the defendant as bound by said lease.

That all the possession or use he had was under the first lease.
Property distrained belongs to Isaac H. Pratt.

There was no rent due at the time when the distress was made under the first lease. That defendant had no authority to rescind or cancel the first lease from Isaac H. and Isaac J. Pratt or either of them."

Both the witnesses were admitted and gave evidence material in the cause.

N. H. PURPLE, for appellant.

MANNING and MERRIMAN, for appellee.

SCATES, J. Baker executed a lease to I. Pratt, I. J. Pratt, and defendant for one year, ending on the 1st of March, 1853, with the option in them to hold two years longer, upon condition of performance of the lease, &c. The first year's rent was paid; and I. Pratt signified his wish to hold over, and all continued on the premises, and made another crop. But on the 23d of March, 1853, without the knowledge or consent of I. and I. J. Pratt, plaintiff and defendant called on the depositary of the lease, got it, and destroyed it; and plaintiff executed another lease to defendant for one year ending 1st of March, 1854, reserving $215 rent, payable on the 1st of January, 1854. The other two were not apprised of these transactions until late in the fall, or in the winter afterwards. All had cultivated together as the year before. By the terms of the first lease, the rent was payable, part on the 1st of January, and the balance on the 1st of March. On the 4th of January, Baker distrained the crop for the whole rent under the latter lease. The defence set up is, that the first lease is in full force, and that the latter is void, or that possession was never delivered to defendant alone under it. These defences are not available to the party. Elias was a minor when he executed the first lease. He may for that reason, have chosen to disaffirm his act, and to take another lease. But, independent of that fact, he could rescind the contract, or destroy the contract, as to himself, with Baker's consent. Having destroyed it, and entered into another, without fraud, he is bound by it, and will be estopped to deny his own act. We think the objection taken not valid, that as the first lease was under seal, and the last without, that it is no extinguishment of the first. The matter is not left to the mere fact of executing a second lease. The parties got possession of it, and by mutual consent destroyed it,

Baker *v.* Pratt.

for the purpose of making a new one. A parol surrender has been held sufficient in Allen *v.* Jaquish, 21 Wend. R. 628; Dearborn *v.* Cross et al., 7 Cow. R. 48; McKinzie *v.* Lexington, 4 Dana, R. 129; and in McKinney *v.* Reeder, 7 Watts, R. 123. An abandonment of the premises was held to be such a surrender as authorized an entry of the landlord. The court in this case take a further distinction as between leases required to be in writing under the statute of frauds and those not. But they do not put the decision on the latter ground; yet the reason is hardly apparent, why a verbal surrender of a lease, which might have been good by parol, is not sufficient, because the lease happened to be in writing. It may be the sounder rule, however, to apply the rule in relation to the dignity of the contract, actually written and sealed, rather than to the subject-matter, which might have been secured by one of less solemnity. Defendant took this lease under a full knowledge of all the facts, and while he was in the joint possession with his father and brother; and without any covenant for possession and enjoyment.

The lease is a good estoppel *in pais.* A verbal statement is sufficient, where the party has made an admission, which is clearly inconsistent with the evidence he proposes to give, or the title or claim which he proposes to set up, and the other party has acted upon the admission, and will be injured by allowing the truth of the admission to be disproved. Welland Canal Co. *v.* Hathaway, 8 Wend. R. 483; Degell *v.* Odell, 3 Hill, R. 218, and by Bronson, J., in his dissenting opinion, p. 222.

So here, the defendant induced plaintiff to destroy the first lease, and give him another alone, knowing the rights, claims, possession, and interests of the other two joint lessees; now he shall not turn and say to him, he had no title or possession. We are not in this case called upon to determine the rights of the other joint lessees under the first lease; one lessee cannot destroy the rights of his colessees, nor extinguish their title by conveying to his lessor; Sperry *v.* Sperry, 8 N. H. R. 477; nor of his own subtenants. McKinzie *v.* Lexington, 4 Dana, R. 129.

There is as little foundation for the arguments that the landlord can recover double rent. Payment of rent will extinguish the demand, no matter from whom received. When paid by defendant the other lessees may show it.

The question as to the right of property taken under the distress is not before us, and cannot arise upon a mere inquiry to assess the amount of rent.

In this view of the case, the interest of Isaac Pratt and Isaac J. Pratt, in the event of this suit, does not appear by showing their claims to the property. If called to prove their own liability, they would probably testify against their own interest; but their liability is no answer to this inquiry. The question of payment is relevant and material, and in that they, if liable for the rent, have a direct interest, which would render them incompetent.

Judgment reversed, and cause remanded.

*Judgment reversed.*