## PHILLIPS v. LITWIN.

Circuit Court, Dade County, Civil Appeal.

May 10, 1955.

Nelan Sweet, Booth, Gordon & O'Connor, Miami Beach, for appellant.

Diana Coopersmith, Miami Beach, for appellee.

J. FRITZ GORDON, Circuit Judge.

This case is before me on appeal from the civil court of record. The facts briefly are that the appellee was employed by Wometco Theatres and the appellant, an old friend of the appellee's father, requested that he come to work for him in the selling of jewelry

since he knew that the appellee was familiar with that type of business.

On page 5 of the transcript the appellee testified with respect to the oral employment contract that the appellant told him—"Just as soon as you can I want you to quit working for Wometco and you start in for me at $125 a week." Again, on page 9, that the appellant told him—"Harvey, I want you to be manager. I will pay you $125 a week and you will be given a share of the profits to purchase a 20% interest in that business but so long as that store is there I am going to let you manage it."

Again, on page 20, Phillips was asked—"How long was it contemplated that the store would be open for business?" He answered—"I guess as long as it made money."

Upon this oral agreement the appellee quit Wometco and went to work for appellant and later a corporation was formed and a new store was opened which he managed. He drew his salary of $125 a week for some time. The store made money for awhile but lost money during the summer months and, one day, he found himself replaced as manager and his salary reduced to $35 a week, whereupon he severed his connections with the corporation.

A jury trial was held and the jury returned a verdict for $5,000 for the plaintiff.

The question presented to this court seems to be whether the plaintiff below proved there was an employment agreement for a definite period of time at a definite salary and was not such as could be terminated by either party at will.

In Savannah, F & W Ry. Co. v. Willett (Fla.), 31 So. 246, the Supreme Court said—"No action can be maintained for the breach of a contract to employ unless there is some stipulation as to the length of time for which the employment shall continue. Blaisdell v. Lewis, 32 Me. 515; DeBriar v. Minturn, 1 Cal. 450. If a term of employment be discretionary with either party, or be indefinite, either party may terminate it at any time."

In Knudsen v. Green (Fla.), 156 So. 240, the Court further said at page 242—"An agreement to serve and be served at so much per month, with no stipulation as to the term of the service, is determinable at the end of any month at the pleasure of either party to the contract, because a contract for employment fixing an amount to be paid at stated intervals, *but with no time limit for its ending*, must be construed as a contract terminable at the end of any month by either party at pleasure." (Italics added).

From the testimony set out above there can be no doubt that there was no time limit for the ending of the employment. The employment was—"for as long as [the store] made money." It follows that the contract was terminable at will.

The court below was requested to give a charge as follows—"If you find that there was in fact an oral contract between the parties and that the parties clearly contemplated that the contract was to extend for a period in excess of one year, then in the absence of any written agreement, you must find for the defendant." The court refused to give such charge. This was error.

For the reasons stated the cause is reversed, with instructions to the court below to enter an order in conformance with this order.