176 So.2d 909 (1965)
RUSSELL & AXON, Consultant Engineers, a corporation, Appellant,
v.
Joseph C. HANDSHOE, Appellee.
No. G-6.
District Court of Appeal of Florida. First District.
July 1, 1965.
Rehearing Denied July 19, 1965.
*910 Melvin Orfinger and Charles Tindell, Daytona Beach, for appellant.
Norton Josephson, Daytona Beach, for appellee.
WIGGINTON, Judge.
Appellant, who was defendant in the trial court, has appealed a final judgment entered upon a jury verdict awarding damages to appellee in the sum of $4,800.00. It is appellant's contention that there is no competent substantial evidence in the record to support the jury's verdict, and the trial court erred in denying its motion for directed verdict made at the close of plaintiff's evidence, and again at the close of all evidence in the case.
Plaintiff sued defendant, claiming damages arising from the breach of a contract of employment. He alleged that although *911 under the contract he was employed for a period of at least one year, he was wrongfully discharged after rendering only four months service. Appellant defended the action on the contentions that appellee's oral contract of employment was for no specified term and was therefore terminable at the will of appellant; that the document attached to the complaint and relied upon by appellee as constituting a written contract of employment contains no provision respecting the term of employment, and if a contract at all, the employment contracted thereby was terminable at the will of appellant; that if the written document relied on by appellee is held to be a contract of employment, then it is void and ineffective for any purpose because (a) it lacked consideration, and (b) it was induced by false and fraudulent representations of material facts made by appellee for the purpose of securing employment, which facts, if truthfully stated, would have precluded appellee's employment. Lastly, appellant contends that regardless of whether appellee's employment was for a period of one year or more, or was terminable at will, it was terminated because of unsatisfactory work which relieved appellant from any further obligation to continue appellee in its employment.
The evidence establishes without conflict that appellee sought employment with appellant and stated that because of desperate financial circumstances and the illness of his wife, he would accept a position on almost any terms offered and for whatever salary appellant felt it could pay for his services as an engineer. After filling out a written application for employment, and based only upon an oral understanding, appellee was employed and commenced work on October 1, 1962, at an agreed salary of $600.00 per month. No discussions ever took place between appellant and appellee with respect to the term of his employment, or how long his services would be retained. In his application for employment appellee grossly misstated his age to be fifty-five years, whereas, in fact he was actually seventy years old. He stated that he was American born although he was born in a foreign country and was later naturalized as a citizen of the United States. He represented that he had graduated from two institutions of higher learning on dates much later than his actual graduation in order to conform to the false age represented by him. Appellee candidly admitted that he falsified his age in the employment application because he felt that had he stated his true age, he would have been denied employment.
Approximately ten days after appellee started work, appellant issued and delivered to appellee a document entitled "Agreed Conditions of Employment," this being the document which appellee contends constituted a written contract of employment. The document specified the salary to be paid appellee to be the sum of $600.00 per month  $7,200.00 per year. The document designated six specified days of the year as holidays for which appellee would be paid, and recited that time of vacation would be by mutual agreement. The document also contained the following provision, to wit:
"This agreement temporary for period of 30 days; if work is satisfactory, agreement to become permanent thereafter. At least one technical article a year must be written."
As stated above, the foregoing document was gratuitously furnished appellee by appellant in the absence of any request therefor. After working for a period of about four months, appellee was notified that his services with appellant were terminated. He then instituted this action claiming that under his written contract of employment, he became a permanent employee after having worked for appellant for a period of thirty days, and as such permanent employee he was entitled to all the privileges of employment at a salary of $7,200.00 a year for as many years in the future as he would reasonably be capable of rendering professional engineering services, which *912 he estimated to be for a period of seven years.
On the foregoing facts the court submitted to the jury the question of whether a contract of employment, either oral or written, existed between the parties, and if so, the duration of appellee's employment under such contract. After retiring to consider its verdict, the jury submitted a question to the court as follows:
"We are not agreed on what is a contract and if an agreement signed by two parties becomes a contract under law.
"And, if the agreed conditions of employment becomes a binding instrument."
The jury was told that the questions asked were matters which they were required to decide upon the prior instructions of the court, and it was directed to return to its room and reconsider the matter. In due course the jury reported its verdict in favor of the plaintiff in the amount above indicated.
For the purpose of this decision we will assume, without deciding, that the document entitled "Agreed Conditions of Employment" constituted a written contract of employment between the parties and was supported by a valuable consideration, all as contended by appellee. If appellee's employment was for a fixed or specified term, and not terminable at the will of appellant, then the agreement evidencing such intent must be found within the four corners of the written contract. The trial court considered the recitals in the foregoing document to be sufficiently ambiguous as to create a question of the intent of the parties with respect to the duration of appellee's employment, and for that reason considered the resolution of this question to be a jury issue rather than one of law to be decided by the court. This is the position taken by appellee in the trial court, and likewise taken on this appeal.
By its award of $4,800.00, it is evident that the jury found the term of appellee's employment to be for a term of only one year, the sum awarded representing the remaining eight months of the year following termination of appellee's employment. In doing so the jury not only rejected appellant's contention that the employment was terminable at the will of the employer, but likewise rejected appellee's contention that as a permanent employee he was entitled to remain in the employ of appellant and be paid his agreed salary for so long as he was capable of rendering engineering services called for in his employment contract. It is our view that the recitals contained in the document on which appellee relies as constituting a contract of employment are not ambiguous but establish as a matter of law that appellee's employment was of no specified duration and was terminable at the will of either party, with or without cause.
The basic problem presented by this case involves construction of the employment contract entered into between the parties. Usually, the duty of construing a contract is that of the court and not the jury.[1] In this case it was stipulated that the question of whether a contract of employment was entered into between the parties was one of the issues to be tried to the jury. This agreement was incorporated in the pretrial order entered by the court. However, after the evidence was fully submitted, it was for the court to rule whether the period of employment was for a fixed term, or was for an indefinite term which could be terminated at will by either party.
The employment contract here considered specifies that the agreed salary to be paid appellee was the sum of "$600.00 per month  $7,200.00 per year." The decisions rendered by the courts of this country are in conflict as to whether the specified rate of pay stipulated in an employment contract controls the duration of employment in the *913 absence of any custom or specific provision in the contract. The majority of states have held that unless the employment contract specifically provides for a definite term of employment, or the term is established by custom, the employment is considered to be indefinite and terminable at the will of either party. This is so irrespective of whether the rate of pay is stated on an annual, quarterly, monthly, or weekly basis. These courts hold to the proposition that it is the pay period which controls the time at which the employee's services may be lawfully terminated. If the employee is paid by the month, then his services are terminable at the end of any month at the will of either party.[2]
Typical of the cases which follow the majority rule stated above is that of Peacock v. Virginia-Carolina Chemical Co.[3] decided by the Supreme Court of Alabama. In this case plaintiff was employed by defendant under a written contract of employment which provided that his salary would be at the rate of $2,000.00 per annum, payable monthly. Plaintiff contended that although he was employed for a period of one year, his services were terminated prior to the end of the year thereby entitling him to damages. Defendant contended that since no definite time of employment was contained in the contract, it was an employment at will, terminable at any time by either party. In agreeing with defendant's contention the Supreme Court of Alabama construed the employment contract in the following manner:
"Does this mean employment for at least one year at a named salary, or does it merely stipulate the rate of compensation for an indefinite term to continue at will, and terminable at the will of either party?
"Under the early English decisions, dealing with relations of master and servant under conditions then prevailing, an indefinite employment was presumed to continue for a year.
"This general presumption has been generally departed from in America, and the opposing presumption indulged, no custom or nature of employment to the contrary appearing, that an indefinite employment is a hiring at will.
"`The presumption which, as already stated, is entertained by most of the American Courts, that an indefinite hiring is a hiring at will, is not repelled by the mere fact that the contract provides for the payment of compensation at a certain annual rate. The position taken is that such a provision simply embodies an agreement as to the rate of remuneration, and has no evidential bearing upon the duration of the engagement.' 1 Labatt on Master & Servant (2d Ed.) Vol. 1, § 165.
"`In the United States, a general or indefinite hiring is presumed to be a hiring at will. In the absence of custom or facts and circumstances showing a contrary intention on the part of the parties, it is generally held that the fact that a hiring is at so much per day, week, month, quarter of year, raises no presumption that the hiring was for such a period, but only at the rate fixed for whatever time the party may serve.' 39 C.J. p. 44, § 18."
And in Bell v. South Penn Natural Gas Co.[4] it was held:
"* * * `An employment upon a monthly or annual salary, if no definite period is otherwise stated or proved for its continuance, is presumed to be a hiring at will, which either party may at any time determine at his pleasure *914 without liability for breach of contract.' * * * A contract of employment, for no definite period of time and under which an employee receives a fixed sum for each day, week, month or year of service, according to the weight of authority, is an employment at will and is terminable at any time at the pleasure of the employer or the employee. * * *"
For the foregoing reasons the fact that the employment contract in the case sub judice expressed appellee's rate of pay in the terms of both an annual and monthly salary may not be construed to mean that the duration of his term of employment was for a definite term and not terminable at the will of appellant at the end of any pay period. The evidence in this case reflects without dispute that appellee was paid monthly at the rate of $600.00 per month, and his services were terminated at the end of the month for which he was last paid.
It is next noted that the employment contract under consideration specifies six holidays which occur throughout the course of a calendar year, and provides that appellee shall be paid for those holidays, and be granted vacation time by mutual agreement. There is nothing in this provision which could justify a finding that the duration of appellee's employment was intended to be for any fixed or definite period. The same is true with regard to the provision that one technical article a year must be written by the employee. These provisions of the contract mean nothing more nor less than so long as one employed pursuant to this agreement remains in the employ of the company, he will be paid for any holidays that occur during the time he is employed, and if the employment extends for a period of one year, he will be granted vacation time and be required to write one technical paper. These provisions will not support a finding that the employee will be retained in his employment for a full period of one year, or that they constitute a one-year contract of employment.
The remaining provision of the contract on which appellee relies to establish that the term of his employment was not indefinite and terminable at the will of appellant is the one which provides that: "This agreement temporary for a period of 30 days; if work is satisfactory, agreement to become permanent thereafter." Appellee contends that since he was retained in the employment of appellant beyond the first thirty days following the execution of his contract, his status was converted from that of a temporary employee to that of a permanent employee. He insists that the word "permanent" as contained in the contract means that he is entitled to remain as an employee of appellant so long as he is capable of rendering the engineering services for which he was employed. He testified it was his opinion that he would be capable of rendering such services for at least seven more years, and that he was entitled to be paid the sum of $7,200.00 per year for this period of time. The total amount of damages claimed in the complaint filed by appellee was the sum of $50,000.00. It is our conclusion that appellee's position in this regard is not well-founded, and is not supported by the best considered authorities who have ruled on this subject.
In the case of Savannah F. & W. Ry. Co. v. Willett[5] plaintiff sued for damages arising from the alleged breach of an employment contract. In stating the rule with respect to determining the time or duration of the employment, the Supreme Court said:
"* * * No action can be maintained for the breach of a contract to employ unless there is some stipulation as to the length of time for which the employment shall continue. Blaisdell v. Lewis, 32 Me. 515; De Briar v. Minturn, 1 Cal. 450. If a term of employment be discretionary with either party, or be indefinite, either party may *915 terminate it at any time. Wood, Mast. & Serv. (2d Ed.) 133; also Id. § 81; [Jersey City Water] Commissioners v. Brown, 32 N.J.Law, 504; Shaw v. [Woodbury] Glass Works, 52 N.J.Law, 7, 18 Atl. 696."
A case strikingly analogous in point of fact with the case sub judice is that of Hope v. National Airlines, Inc.[6] decided by the Third District Court of Appeal. In that case the employee sued for damages suffered as a result of an alleged breach of his contract of employment with his employer. He alleged in his complaint that when he was employed as an airline pilot he was assured that if he would work through the strike then in progress on defendant's airline, "he would be employed permanently so long as the defendant corporation was in business." Upon being discharged from his employment, the employee brought his action for damages. It is noted in Hope that the permanent nature of the employment was alleged to be the life of the corporate employer, whereas, in the case sub judice appellee contends that the term of his permanent employment was to be for the duration of his life as an employee. In the Hope case the complaint was dismissed for failure to state a cause of action. In affirming the trial court's judgment of dismissal, Judge Horton, speaking for the court, said:
"The appellant has not sought damages for services rendered as it appears that the airline had fulfilled its commitments to the appellant until the time of discharge. However, he seeks damages for that indefinite period of time which is the life of the corporation. Such damages would be so speculative as to render them impossible of determination. If the period of employment be indefinite, either party may terminate it at any time. Savannah F. & W. Ry. Co. v. Willett, 43 Fla. 311, 31 So. 246; Knudsen v. Green, 116 Fla. 47, 156 So. 240; Wynne v. Ludman Corp., Fla. 1955, 79 So.2d 690.
"In the absence of an affirmative allegation of employment for a definite duration, the airline, only, appears to be bound. Certainly the appellant was not precluded under this arrangement from seeking or accepting comparable employment with others and terminating his employment with appellee at his will. The contract was unilateral and mutuality of obligation was lacking between the parties. However, this alone would not preclude enforcement of the contract if the consideration were executed but here the appellant seeks damages on the executory portion of the contract. 1 Corbin, Contracts, § 152 (1950)."
The annotator in writing for the American Law Reports, Annotated, says:
"In most of the jurisdictions passing on the duration of a contract purporting to be for permanent employment, it is held that, in the absence of additional express or implied stipulation as to the duration of the employment or of a good consideration additional to the services contracted to be rendered, a contract for permanent employment, for life employment, for as long as the employee chooses, or for other terms purporting permanent employment, is no more than an indefinite general hiring terminable at the will of either party."[7]
The cases cited following the foregoing quotation represent the majority view in this country. Under the rule there stated the employment contract in the case here considered by us, although containing terms purporting to be for permanent employment, is no more than an indefinite general hiring terminable at the will of either party. *916 It cannot be reasonably contended that the contract of employment in this case is such that the employer could require the employee to remain in the service of the company for any fixed period of time, whether one year or longer, if the employee elected to terminate his employment. This being true, the contract is so lacking in mutuality of obligation as to render it invalid.
The Supreme Court of South Carolina, in the case of Orsini v. Trojan Steel Corp.,[8] defined the term, permanent employment, as follows:
"`The general rule is, that "permanent employment" means steady employment, a steady job, a position of some permanence, as contrasted with a temporary employment or a temporary job. Ordinarily, where there is no additional expression as to duration, a contract for permanent employment implies an indefinite general hiring, terminable at will. * * *'"
It is our view that use of the terms "temporary" and "permanent" as set forth in the employment contract here considered must be construed as characterizing a permanent employee as one entitled to all the perquisites granted by the employer to those whose employment is deemed permanent in nature, such as the various types of fringe benefits which are normally denied those whose employment is temporary. As employed in the written contract, the terms do not denote an agreement for employment for any fixed or definite term.
In view of our disposition of the question which we consider to be controlling on this appeal as set forth above, it is deemed unnecessary to either discuss or decide those points on appeal which contend that the evidence establishes as a matter of law that the employment contract is void because of appellee's false representation of material facts in procuring employment; and because of unsatisfactory services, appellant was released from the contractual obligation to continue appellee in its employment.
For the reasons hereinabove set forth we conclude and so hold that the trial court erred in denying the several motions for directed verdict made by appellant. The judgment appealed is reversed and the cause remanded with directions that judgment be entered for appellant.
Reversed.
RAWLS, C.J., concurs.
STURGIS, Judge (dissenting).
In my opinion the majority disregards the repeated adherence of the appellate courts of this jurisdiction, including our own, to the principle that judges should not substitute their conclusions for those of the jury in resolving questions of fact, and by reversing the judgment appealed has done precisely that; indeed, has compounded confusion by applying erroneous principles of law to its substituted conclusions of fact.
The majority dusts off as inconsequential what I deem to be important phases of the evidence that are sufficient to support the jury verdict and judgment entered thereon, and appears to me to magnify out of proportion picayune aspects thereof which, it must be assumed, were as carefully deliberated upon by the jury and trial judge and by them given equal consideration to that afforded at this apogee of appellate divination.
I am persuaded that this cause was lawfully tried by jury and that the judgment based on its verdict should be affirmed. The climate of the negotiations resulting first in the employment and later in the document entitled "Agreed Conditions of Employment" is correctly epitomized by the majority as one in which the plaintiff, due to his desperate financial condition and *917 his wife's illness, had been reduced to such a position of extremis that he indicated "he would accept a position on almost any terms offered and for whatever salary appellant felt it could pay for his services as an engineer." Let me suggest that management-labor relations no longer thrive in a social jungle where the big fish eat the little fish and the devil takes the hindmost. Of what import, therefore, to the issues tried below or the points of law involved on this appeal are the appalling facts of appellee's dire circumstances at the critical time he sought employment unless, of course, to salve this court's invasion of the jury's prerogative.
The majority recognizes, and I agree, that the mathematics of the damages awarded by the jury verdict conclusively indicates that it found there was a firm contract of employment for a term of one year at an annual salary of $7,200.00. And since appellee does not cross-assign error on the ground that the verdict is inadequate, I am unable to penetrate the object of the majority in emphasizing the fact that plaintiff made an unsuccessful attempt to establish that the contract of employment was for a period of seven years. The salient fact with which we are concerned is that the jury resolved that question of fact by a finding, implicit in the verdict, that the term of employment was for one year. The testimony seeking to extend it beyond that period is immaterial but admittedly draws another dead herring across the trail of the jury verdict.
The majority denigrates the written contract of employment by alluding to it as a document that was "gratuitously" furnished by appellant to appellee absent any request therefor. The motives prompting this action are unimportant because the jury determined that this document was in fact a contract of employment for a period of one year.
As a general rule the construction of written contracts belongs to the court and not the jury. However, where the words used are ambiguous or there is an obscure reference to unexplained circumstances, the interpretation of the language should be left to the consideration of the jury for the purpose of carrying into effect the real intention of the parties. Fagin v. Connoly, 25 Mo. 94, 69 Am.Dec. 450. Where there is uncertainty in a written contract because of ambiguity or incompleteness, or technical words or terms of art, it is for the jury to determine what is the agreement of the parties. Bell v. Cunningham, 3 Pet. (U.S.) 69, 7 L.Ed. 606; Van Iderstine Co. v. Barnet Leather Co., 242 N.Y. 425, 152 N.E. 250, 46 A.L.R. 858; Colgate v. Latta, 115 N.C. 127, 20 S.E. 388, 26 L.R.A. 321; Walden v. Fallis, 171 Ark. 11, 283 S.W. 17, 45 A.L.R. 1396; O'Connor v. March Automatic Irr. Co., 242 Mich. 204, 218 N.W. 784; Goddard v. Foster, 17 Wall. (U.S.) 123, 21 L.Ed. 589. Where the contract is not clear or is ambiguous, and even though the evidence is not conflicting different reasonable conclusions are possible, the question is one for the jury. Geoghegan Sons & Co. v. Arbuckle Bros., 139 Va. 92, 123 S.E. 387, 36 A.L.R. 399.
Reversal is tantamount to holding that there was no competent evidence to support the verdict of the jury, which implies that the subject contract of employment was not vague or indefinite in respect to the term of employment and, moreover, was for an indefinite term of employment, hence terminable at will. Yet my brothers admit that the authorities are in conflict upon the question of whether or not the rate of pay specified in an employment contract controls the duration of employment, absent any custom or specific provisions of the contract fixing the term. I fully agree that the majority and better rule in this country is that unless the employment contract specifically provides for a definite term of employment, or the term is established by custom, the employment is considered to be indefinite and terminable at the will of either party, irrespective of whether the rate of pay is stated on an annual, quarterly, monthly, or weekly basis. *918 Conversely, it is uniformly held that a contract of employment for a specified reasonable term is lawful and enforceable.
The jury in this case was entitled to look to the entire contract, as well as to the testimony of the parties, in determining their intent in employing the language used, and to take into account the fact that appellant prepared the contract and sought its execution. Taking the rate of pay provision in isolation, I can understand how it may be concluded that the jury was in error in finding that the contract was for a period of one year. However, considering the contract as a whole and ascribing to the jury its exclusive province to determine questions of fact, the contrary is true. In holding that the provisions of the contract concerning holidays from work, vacation time, plaintiff's entitlement to pay during those holidays, and the requirement that the employee had to annually write one technical paper have no material import on the term of employment, this court becomes an all-seeing eye. It would be interesting to speculate, if this court could do so with judicial aplomb, on the purpose of the appellant in including in the contract the further provision that it was temporary in character for a period of thirty days and if the employee's work was satisfactory, it was to become permanent thereafter. To support reversal, the majority appears to interpret the word "permanent" as meaning "for all time" or "forever." I suggest that when interpreted in context with the other provisions of the agreement, it unquestionably relates, as the jury impliedly found, to the minimum period contemplated by the contract, namely, one year. The maximum damages claimed by appellee  the ad damnum clause of his complaint, for some undisclosed reason cited by the majority  has no bearing whatever upon the issues with which we are confronted on this appeal.
I am fully in accord with Hope v. National Airlines, 99 So.2d 244 (Fla.App. 1957). However, the facts in that case are clearly distinguishable from those in the case on appeal. Hope went out in the trial court on a motion to dismiss for failure to state a cause of action, and in affirming, Horton, J., speaking for the court, specifically noted the fact that Hope sought damages "for that indefinite period of time which is the life of the corporation," and said, "Such damages would be so speculative as to render them impossible of determination."
It being my opinion that the judgment appealed is devoid of error, I dissent.
NOTES
[1] Paddock v. Bay Concrete Industries, Inc., (Fla.App. 1963) 154 So.2d 313.
[2] See cases collated in 11 A.L.R. 469; 100 A.L.R. 834.
[3] Peacock v. Virginia-Carolina Chemical Co., (1930) 221 Ala. 680, 130 So. 411.
[4] Bell v. South Penn Natural Gas Co., 135 W. Va. 25, 62 S.E.2d 285.
[5] Savannah F. & W. Ry. Co. v. Willett, 43 Fla. 311, 31 So. 246.
[6] Hope v. National Airlines, Inc., (Fla. App. 1957) 99 So.2d 244.
[7] 35 A.L.R. 1432.
[8] Orsini v. Trojan Steel Corp., 219 S.Car. 272, 64 S.E.2d 878.