Carter & Newmark, J. B. Carter, Clayton, for defendant-appellant.

Anderson, Green, Fortus & Lander, Martin M. Green, Edward Lander, Clayton, for plaintiffs-respondents.

McMILLIAN, Judge.

This is an appeal by defendant Marvin C. Nieberg from a judgment of $315.00, plus interest, for a total of $337.05 entered by the Circuit Court of St. Louis County in favor of plaintiffs Sidney Gee and Margaret Gee. The controversy arose out of a landlord-tenant dispute and is concerned with the sufficiency of an oral agreement to terminate a written lease. We affirm the judgment of the Circuit Court.

Plaintiffs and defendant on July 18, 1969, entered into a written one-year lease. Occupancy was to commence on August 1, 1969. Monthly rental payments were $315.00 and plaintiffs paid to defendant one month's rent as a security deposit which was to be returned by defendant at the expiration of the lease, provided plaintiffs had discharged all the lease covenants required of them.

544

On July 28, 1970, after having paid eleven months' rent in addition to the security deposit, plaintiffs moved. In support of their claim for the return of the security deposit, plaintiffs, by leave of the court, amended their petition to allege that the twelfth month of the lease had been mutually terminated by an oral agreement. Defendant denied any agreement to terminate the lease, and claimed the $315.00 security deposit for the last month's rent.

Defendant claims that the court committed three errors: (1) that testimony was admitted in violation of the parol evidence rule to alter a written instrument; (2) that there was no consideration for the termination of the written lease; and (3) that the oral termination violated the Statute of Frauds.

█ While it is true that a written contract cannot be contradicted, modified, or altered by parol evidence of prior or contemporaneous agreements, the parol evidence rule does not prohibit parol evidence of an agreement entered into subsequent to the time when the written contract was executed to alter or abrogate the written contract. George F. Robertson Plastering Company v. Phil Magidson and Oakland Realty Company, 271 S.W.2d 538, 541 (Mo.1954); Smith v. A. Githens, 271 S.W.2d 374, 380[19] (Mo.App.1954); McGovern v. Madame Elize, Inc., 137 Misc. 599, 244 N.Y.S. 169 (1930); Jennings v. Petrol Corp., 87 C.A.2d 63, 195 P.2d 899 (1948). Here, all of plaintiffs' testimony as to the oral agreement was subsequent to the time of the written execution of the lease. Consequently, we rule this issue against defendant.

█ Undeniably, an agreement to terminate or release one from a contract is a new contract which must be supported by a new consideration. Barr v. Snyder, 294 S.W.2d 4, 9[6] (Mo.1956); Wilt v. Hammond, 179 Mo.App. 406, 165 S.W. 362 (1914); Meitchik v. Philips, 13 Misc.2d 439, 180 N.Y.S.2d 722 (1958).

The unruly behavior of the Gee's four children provided the source of the dissension between these litigants, particularly at the swimming pool within the complex. Defendant-landlord testified as to his grave concern for the safety of the Gee children as well as that of others using the facility. Furthermore, he complained about the condition of the lawn adjacent to the Gee's apartment which the Gee children continued to trample with their bicycles although he had concrete sidewalks constructed.

█ Plaintiff Margaret Gee testified that after a conversation between her and defendant, wherein they agreed that "things had gone too far," defendant, when asked about the Gee's lease, said, "You find a place to live and I will release you." Immediately thereafter, Mrs. Gee went out, looked for, found another place, and moved. We find this sufficient consideration to support defendant's verbal promise. Wells v. Hartford Accident and Indemnity Co., 459 S.W.2d 253, 260[10] (Mo.1970).

█ Inasmuch as the one-year lease agreement between the parties was entered into on July 18, 1969, and was to begin August 1, 1969, it is obvious that the agreement itself extended for a period longer than one year. Pursuant to our statutes such an agreement, in order to be taken out of the ambit of the statute of frauds provision, must extend for one year or less. Consequently, the written lease was required by § 432.010, RSMo 1969, V.A.M.S., to be in writing for an action to be brought thereon. And as contended by defendant, we agree that the general rule, where the original contract is required by the statute of frauds to be in writing, is that it may not be modified or varied by a subsequent oral agreement. Walker v. Overland Auto Co., 191 S.W. 1061 (Mo. App.1917); Rosenberg v. Gas Service Company, 363 S.W.2d 20 (Mo.App.1962); accord where oral modification executory, Northmoor Estates, Inc. v. Board of Education, School Dist. 108, 56 Ill.App.2d 491,

206 N.E.2d 111 (1965) and Harrison v. Hanson, 165 C.A.2d 370, 331 P.2d 1084 (1958).

The question here is whether the two parties attempted to modify the existing lease or whether the subsequent oral agreement was an abrogation of a written contract within the statute of frauds. While an oral modification of a contract coming within the statute of frauds is ordinarily regarded as invalidated by the statute, Van Iderstine Co. v. Barnet Leather Co., 242 N.Y. 425, 152 N.E. 250 (N.Y. 1926), 46 A.L.R. 858 (1926); Curle's Heirs v. Eddy, 24 Mo. 117, 66 Am.Dec. 699 (1856), the trend of modern authority seems toward the view that an oral recission of an executory contract is valid notwithstanding the contract rescinded was one required by the statute of frauds to be in writing. Moreover, it is generally held that an oral agreement for the surrender of a written lease required by the statute of frauds to be in writing is within the statute, unless the unexpired term of the lease is less than that required by the statute to be in writing. 4 A.L.R. 671, 672 (1913).

Finally, according to the Modern English theory and many American decisions, it is held that an executory oral agreement of rescission is sufficient, provided there is consideration, to terminate a written agreement within the statute of frauds. Morris v. Baron et al. (1918) A.C. 1 (Eng.), 9 BRC 399; Ann.Cases 1918C 1197–HL; Epstein v. Waas, 28 N.M. 608, 216 P. 506 (1923); 49 Am.Jur., Statute of Frauds, §§ 210 and 310; Baker v. Pratt, 15 Ill. 568 (1854); Alameda County Title Ins. Co. v. Panella, 218 Cal. 510, 24 P.2d 163 (1933); Glad-Nan Corp. v. Henry's Drive-In, Inc., 29 Ill.App.2d 363, 173 N.E. 2d 521 (1961); accord where oral modification executed, Young Foundation Corp. v. Ottaviano, Inc., 29 Misc.2d 302, 216 N. Y.S.2d 448, aff'd 15 A.D.2d 517, 222 N.Y. S.2d 685 (1961); MacIsaac and Menke Co. v. Cardox Corp., 193 C.A.2d 661, 14 Cal.

Rptr. 523 (1961). Here, the purpose of the oral agreement was not to add to or change the nature of the parties' obligations under the old lease, but rather to bring it to an end so as to release the parties and abrogate the old lease entirely. Therefore, since the lease agreement was executory and the unexpired term was less than that required by the statute of frauds to be in writing, we hold that the lease was terminated by the subsequent executory oral agreement.

Accordingly, judgment affirmed.

SMITH, P. J., and CLEMENS, J., concur.

Missouri Court of Appeals, Kansas City District.